Fill in this information to identify the case:

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  Atinum MidCon I, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  45-2897651

4. **Debtor's address**

   **Principal place of business**
   333 Clay Street
   Number   Street
   Suite 700

   Houston   Texas   77002
   City   State   ZIP Code

   Harris
   County

   **Mailing address, if different from principal place of business**
   Number   Street
   P.O. Box
   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**
   Oil & Gas   Interests in Kansas and Oklahoma
   Number   Street

   OK
   City   State   ZIP Code

5. **Debtor's website (URL)**  n/a

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor  **Atinum MidCon I, LLC**
Name

Case number (if known)

### 7. Describe debtor's business

**A. Check one:**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

**B. Check all that apply:**

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
2 1 1 1

### 8. Under which chapter of the Bankruptcy Code is the debtor filing?

Check one:

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

### 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When ___/___/_____  Case number _____
                                MM / DD / YYYY
         District _____  When ___/___/_____  Case number _____
                                MM / DD / YYYY

### 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.  Debtor _____  Relationship _____
         District _____  When ___ / ___ / _____
                                                     MM / DD / YYYY
         Case number, if known _____

Debtor   Atinum MidCon I, LLC
         Name

Case number (if known)_____

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No   (See Rider 1)

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                        Number    Street

_____
City                          State    ZIP Code

Is the property insured?

☐ No
☐ Yes. Insurance agency _____
       Contact name       _____
       Phone              _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.
☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  Atinum MidCon I, LLC
         Name                                                    Case number (if known)

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☒ I have been authorized to file this petition on behalf of the debtor.
- ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/21/2016
             MM / DD / YYYY

X /s/ Robert E. Ogle                              Robert E. Ogle
Signature of authorized representative of debtor   Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X /s/ [signature]                                  Date  7/21/2016
Signature of attorney for debtor                         MM / DD / YYYY

Timothy A. ("Tad") Davidson II
Printed name
Andrews Kurth LLP
Firm name
600       Travis, Suite 4200
Number    Street
Houston                                            TX      77002
City                                               State   ZIP Code

713-220-4200                                       taddavidson@andrewskurth.com
Contact phone                                      Email address

24012503                                           Texas
Bar number                                         State

## Rider 1

## Response to Question 12 of Official Form 201

Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The Debtor, Atinum MidCon I, LLC owns non-operated working interests in oil and gas wells and properties located in Kansas and Oklahoma.  The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety; however, the Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this question, and that it is not the operator responsible for developing any of its oil and gas assets.

**Fill in this information to identify the case:**

Debtor name: Atinum MidCon I, LLC

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders        12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wells Fargo Bank 1000 Louisiana St Houston, TX 77002 | Wells Fargo Bank c/o Phil Lamberson WINSTEAD PC 500 Winstead Building 2728 N. Harwood Street Dallas, Texas 75201 | Agent Bank Debt (First Lien) | U | Unknown | | $265,000,001.00* |
| 2 | Wells Fargo Energy Capital, Inc. 1000 Louisiana St, Floor 9 Houston, TX 77002 | Wells Fargo Energy Capital, Inc. c/o Jennifer J. Hardy Willkie Farr & Gallagher LLP 600 Travis St., Suite 2310 Houston, Texas 77002 | Agent Bank Debt (Second Lien) | U | Unknown | | $100,000,000.00 |
| 3 | SandRidge Exploration & Production LLC 123 Robert S Kerr Oklahoma City, OK 73102 | SandRidge Exploration & Production LLC 123 Robert S Kerr Oklahoma City, OK 73102 | JIB | U | Unknown | | $46,981,669.00 |
| 4 | Atinum Energy Investments LLC 333 Clay Street, Suite 700 Houston, TX 77002 | Atinum Energy Investments LLC 333 Clay Street, Suite 700 Houston, TX 77002 | Management Services | U | Unknown | | $2,590,000.00 |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

\* The first lien debt is partially secured, but at this time, the value of the collateral is unknown.

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims        page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ATINUM MIDCON I, LLC, | § § | Case No. _____ |
| Debtor. | § § | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the above-referenced Debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| New Frontier Holdings 1, LLC | 50% Class A Units |
| New Frontier Holdings 2, LLC | 100% Class C Units |
| New Frontier Holdings 3, LLC | 50% Class A Units |
| New Frontier Holdings 4, LLC | 100% Class B Units |

HOU:3703549.1

Fill in this information to identify the case and this filing:

Debtor Name **Atinum MidCon I, LLC**

United States Bankruptcy Court for the: **Southern** District of **Texas**
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration **Corporate ownership statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **07/21/2016**
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

**Young Sup Lee**
Printed name

**Vice President & Treasurer**
Position or relationship to debtor

Official Form 202   Declaration Under Penalty of Perjury for Non-Individual Debtors

## ACTION BY WRITTEN CONSENT OF THE

## MANAGERS OF ATINUM MIDCON I, LLC

### July 20, 2016

The undersigned, acting pursuant to applicable statutory and other legal requirements for Atinum MidCon I, LLC, a Delaware limited liability company (the "Company"), each as one of the six managers ("Manager", or collectively the "Managers") currently in office at the Company, and with the authority required by applicable law and the Company's organizational documents (the "Applicable Requirements") to act for the Company, and the undersigned, acting in accordance with the authority contained in the Applicable Requirements, waiving all notice, does hereby consent to and adopt the resolutions set forth on **Exhibit A** attached hereto and authorizes the taking of the actions specified therein without a meeting, by written consent (this "Written Consent"), by the Company.

IN WITNESS WHEREOF, the undersigned have executed this consent effective as of the date first written above.

_____
Sang Wan Seo
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated ____ July, 2016

2/6

_____
Young Sup Lee
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated 20th July, 2016

_____
Sung Gyun Kim
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated 20th July, 2016

_____
Albert Lee
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated _____ July, 2016

[signature]
Kwang-Cheol Byun
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated _____ July, 2016

5/6

_____
Robert Ogle
Manager of Atinum MidCon I, LLC

Action by Written Consent of the Managers of Atinum MidCon I, LLC, dated ____ July, 2016

# EXHIBIT A

## RESOLUTIONS ADOPTED BY THE BOARD OF MANAGERS

## ATINUM MIDCON I, LLC

### July 20, 2016

WHEREAS, the Board of Managers of Atinum MidCon I, LLC, a Delaware limited liability company (the "Company") has deemed it advisable and in the best interests of the Company and its respective creditors and members that the Company file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Company is currently in default under its first lien credit obligations and second lien credit obligations and the amounts owed thereunder have been accelerated;

WHEREAS, oil and gas prices have dropped substantially over the past twenty-four months and the sustained depressed state of the energy industry has put a significant strain on the Company's revenues and liquidity; and

WHEREAS, on May 16, 2016, certain of the Company's first lien lenders filed an Application to Appoint a Receiver in the United States District Court for the District of Oklahoma (the "Receivership Action").

NOW, THEREFORE, BE IT RESOLVED, as follows:

### Chapter 11 Filing

RESOLVED, that the Board of Managers, after considering alternatives, approves the Company's filing of a petition for relief under Chapter 11 of the Bankruptcy Code and the sale of the Company's assets pursuant to Section 363 of the Bankruptcy Code (the "Chapter 11 Case");

RESOLVED, that Andrews Kurth LLP be engaged as bankruptcy counsel for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that Claro Group LLC be engaged as the Company's financial advisor under a general retainer, subject to any requisite bankruptcy court approval, and that Robert E. Ogle of Claro Group LLC be engaged as the Company's Chief Restructuring Officer and independent Manager in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that PLS Inc. be engaged as the Company's sales agent for the sale of all its assets, subject to any requisite bankruptcy court approval; and further

RESOLVED, that each of Young Sup Lee and Robert Ogle (the "Authorized Officers") be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, acting to engage and employ, or cause the Company to engage and employ, such other law firms, consultants, sales agents, or companies, as may be necessary and appropriate and subject to any requisite bankruptcy court approval, including without limitation, to act as ordinary course, special and/or conflicts counsel for the Company, under a general retainer, to assist the Company in the Chapter 11 Case and/or Receivership Action and to perform other tasks related to the Company's Chapter 11 Case and/or Receivership Action; and further

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by either of the Authorized Officers, be, and they hereby are, authorized and empowered, for and in the name of and behalf of the Company, to execute, verify, and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to perform any and all further acts and deeds the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case; and further

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officers be, and they hereby are authorized and empowered for and in the name and on behalf of the Company, acting individually, to (a) negotiate, execute and deliver a cash collateral stipulation on the terms and conditions either such Authorized Officers consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments for and in the name and on behalf on behalf of the Company, (b) to close any of the Company's existing bank accounts and to open new bank accounts and any other actions in accordance with the U.S. Department of Justice's Region 7 Guidelines for Debtors-In-Possession, and (c) to take any other actions consistent with any requirements or guidelines imposed by the Bankruptcy Code, Bankruptcy Rules, Local Rules, bankruptcy court, or any federal government agency; and further

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, be, and they hereby are authorized and empowered, for and in the name and on behalf of the Company, acting individually, to cause the Company to enter into, execute, deliver, certify, file and record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certifications or other documents, institute adversary proceedings, and to take such other actions, as in the judgment of any such officers shall be or become necessary, proper and desirable to effectuate a successful sale of the Company's businesses; and further

RESOLVED, that the Authorized Officers shall be authorized and empowered to convert, upon obtaining the consent of at least three of the above named Managers, the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, and to perform all acts and deeds the Authorized Officers deem necessary, proper or desirable in connection with a case under Chapter 7 of the Bankruptcy Code; and further

RESOLVED, that all actions heretofore taken by the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers in connection with the subject of the foregoing resolutions be, and they hereby are, approved, ratified and confirmed in all respects as the acts and deeds of the Company; and further

RESOLVED, that all prior lawful acts taken or caused to be taken by or on behalf of the Company by its officers, directors, Authorized Officers, and authorized agents, including, but not limited to, any and all acts taken or caused to be taken in furtherance of the foregoing resolutions, and the negotiation and preparation of documents and actions ancillary thereto, are hereby ratified, approved and confirmed in all respects and adopted as the acts of the Company.

**Miscellaneous**

RESOLVED, that each of the Authorized Officers is authorized and empowered, for and in the name and on behalf of the Company, to take or cause to be taken any and all such actions and to enter into, execute and deliver any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and other documents, or to effect any filings with any and all appropriate regulatory authorities, as may be required or as either of the Authorized Officers may deem necessary, appropriate or advisable to carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; all such actions to be performed in such manner and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and documents to be executed and delivered in such form as the Authorized Officer performing or executing the same shall approve, such Authorized Officer's performance or execution and delivery thereof to be conclusive evidence of such approval and the approval of the Board of Managers.

\* \* \*