IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ATINUM MIDCON I, LLC, | § | Case No. 16-33645 (MI) |
| | § | |
| Debtor. | § | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANDREWS KURTH LLP AS COUNSEL TO THE DEBTOR**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN **21 DAYS** OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> THERE WILL BE A HEARING ON THIS MOTION ON **AUGUST 17, 2016 AT 1:30 P.M. CENTRAL** IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

Atinum MidCon I, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby present this application (the "Application") to the Court for the entry of an order authorizing the employment and retention of Andrews Kurth LLP ("AK") as counsel to the Debtor. In support of the Application, the Debtor submits the declaration of Timothy A. "Tad" Davidson II (the "Davidson Declaration"), attached hereto as **Exhibit "A"** and incorporated herein by reference, and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The venue of the Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief requested herein are Sections 327, 328(a), 504 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4. On July 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court. The Debtor filed this bankruptcy case to sell its assets pursuant to section 363 of the Bankruptcy Code. The Debtor owns minority, non-operated working interests in approximately 1,600 oil and gas wells in Oklahoma and Kansas that are operated by SandRidge Exploration and Production, LLC ("SandRidge") and other third party operators. The Debtor has defaulted on payment of over $365 million in secured bank debt, owes SandRidge approximately $42 million for unpaid joint interest billings under a joint operating agreement and cannot pay its management company to manage its assets. After unsuccessful efforts to secure refinancing or equity investment, the Debtor has negotiated an agreement with Wells Fargo Bank, N.A., as Administrative Agent (the "Agent" or "First Lien Administrative Agent") under the Debtor's August 29, 2012, First Lien Credit Agreement with certain lenders party thereto (the "Prepetition First Lien Lenders") to run

2

a sale and auction process through this bankruptcy case in an effort to maximize value for its creditors.

5. The Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, the United States Trustee has not yet appointed any official committees in this case, and no request has been made for the appointment of a trustee or examiner.

6. A Complete background of the Debtor's assets, activities, and operations as well as the events precipitating and the purpose of the Debtor's bankruptcy proceeding is set forth in the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105, 363, And 365 And Bankruptcy Rules 2002, 6004, And 6006 To Authorize And Approve The (I) Bidding Procedures, (II) Procedures For Determining Cure Amounts For Executory Contracts And Unexpired Leases, (III) Notices Relating To The Sale Of The Debtor's Assets And The Assumption And Assignment Of Executory Contracts, (IV) Approval Of The Proposed Sale Of Assets And Scheduling Of A Hearing On Approval Of The Proposed Sale Of Assets, And (V) Granting Related Relief* (the "Sale Motion"), located at ECF No. 4, pp. 2-13, and is incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtor seeks to employ AK, which maintains offices for the practice of law at 600 Travis, Suite 4200, Houston, Texas 77002, as well as offices in New York, New York; Dallas, Texas; Austin, Texas; The Woodlands, Texas; Durham, N.C.; Washington, D.C.; London, England; Beijing, China; and Dubai, United Arab Emirates as its counsel in this chapter 11 case in accordance with the terms and conditions set forth in that certain engagement letter between the Debtor and AK dated as of February 18, 2016 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit "B"** and incorporated herein by reference.

8. AK has served as the Debtor's outside corporate counsel and restructuring counsel since February 18, 2016. The Debtor has selected AK to represent it in its chapter 11 case because AK's attorneys and other professionals have considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and business transactions, among others. AK is an international firm with a focus on energy and oil and gas matters. Accordingly, the Debtor believes that AK is well qualified to represent it in this chapter 11 case.

9. Timothy A. ("Tad") Davidson II, David A. Zdunkewicz, and Joseph W. Buoni will be primarily responsible for AK's representation of the Debtor in this matter.

10. Mr. Davidson is a partner with AK's restructuring and bankruptcy group. Mr. Davidson has been practicing bankruptcy for over 17 years and frequently represents debtors, creditors' committees, *ad hoc* and official committees of equity holders, indenture trustees and bondholders in bankruptcy proceedings. His hourly rate is $730. Mr. Davidson received his J.D. from Emory University School of Law and received his B.A. from the University of South Carolina-Columbia.

11. Mr. Zdunkewicz is a partner with AK's restructuring and bankruptcy group and for over 25 years has concentrated in bankruptcy and insolvency business law. Mr. Zdunkewicz has counseled large and small corporations, debtors, committees, creditors, equity holders, landlords and tenants, trustees, and investors and purchasers in chapter 7 and 11 bankruptcy proceedings, out-of-court workouts and non-judicial reorganizations and restructurings. His hourly rate is $895. Mr. Zdunkewicz received his J.D. from the University of Houston School of Law and received his B.B.A. from the University of Texas.

12. Joseph Buoni will be the primary associate working on the matter. His hourly rate is $580.

13. The professional services AK will be required to render include, but are not limited to the following:

    (a)    advising the Debtor with respect to its powers and duties as a debtor-in-possession;

    (b)    advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

    (c)    attending meetings and negotiating with representatives of creditors and other parties in interest;

    (d)    taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including prosecuting objections to claims filed against the Debtor's estate;

    (e)    preparing pleadings in connection with the chapter 11 case, including motions, applications, answers, draft orders, reports and other documents necessary or otherwise beneficial to the administration of the Debtor's estate;

    (f)    representing the Debtor in connection with obtaining authority to use cash collateral and, if necessary, obtaining postpetition financing;

    (g)    appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

    (h)    advising the Debtor regarding tax matters;

    (i)    effectuating the sale of the Debtor's assets pursuant to sections 105 and 363 of the Bankruptcy Code; and

    (j)    performing all other necessary legal services for the Debtor in connection with the prosecution of its chapter 11 case, including: (i) analyzing the Debtor's contracts and the assumption and assignment or rejection thereof: (ii) analyzing the validity of liens asserted against the Debtor and its assets; and (iii) advising the Debtor on other corporate and litigation issues as they arise.

14. AK has indicated a willingness to act on behalf of the Debtor and render the necessary professional services as attorneys for the Debtor.

5

15. Subject to this Court's approval, AK will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The following are AK's current hourly rates for work of this nature:

        Partners:  $475 - $1300

        Associates:  $325 - $725

        Paraprofessionals:  $225 - $395

16. Consistent with historical firm practice, the hourly rates set forth above are subject to adjustments each year to reflect increases in seniority and other conditions. Other AK attorneys and paralegals will also provide legal services within the hourly rate ranges set forth above.

17. Within the year prior to the Petition Date, AK received approximately $322,000.00 in fees (plus $414.46 in costs) in connection with restructuring advice, bankruptcy related services and counseling. AK also has received $37,862.72 for matters not related to restructuring advice or bankruptcy in the year prior to the Petition Date. AK received a retainer for services to be performed and reimbursement of related expenses in the prosecution of this chapter 11 case of approximately $750,000.00. The current balance of the retainer is $704,492.15. AK will not draw on this retainer post-petition without a Court allowing it to do so or, absent a Court order, as allowed by the Local Rules.

18. AK intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any other applicable procedures and orders of the Court. AK intends to make a reasonable effort

to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*. Compensation will be payable to AK in compliance with the above rules and orders, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by AK.

### DISINTERESTEDNESS OF PROFESSIONALS

19. To the best of the Debtor's knowledge, information and belief, and except as set forth in the attached Davidson Declaration, none of AK's respective attorneys hold or represent any interest adverse to the Debtor or its estate or creditors, and AK is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code; and except as otherwise set forth in the Davidson Declaration, to the best of the Debtor's knowledge, AK has no other connections with the Debtor, creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

20. AK is not owed any fees or expenses by the Debtor as of the Petition Date.

21. The Debtor believes that the retention of AK is in the best interest of the Debtor, its estate, creditors, and other parties-in-interest.

22. No prior application has been made for the relief requested herein to this or any other Court.

### CONCLUSION

The Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing the Debtor to employ and retain AK as its counsel; and (iii) granting such other, further and different relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 25, 2016  
Houston, Texas

/s/ _____  
By: Young Lee  
Manager, Treasurer and Vice President of Debtor Atinum MidCon I, LLC

Dated:   July 25, 2016

Respectfully submitted,

ANDREWS KURTH LLP

By:  /s/ Timothy A. ("Tad") Davidson II  
Timothy A. ("Tad") Davidson II  
Texas Bar No. 24012503  
David A. Zdunkewicz  
Texas Bar No. 22253400  
Joseph W. Buoni  
Texas Bar No. 24072009  
600 Travis, Suite 4200  
Houston, Texas 77002  
Telephone: (713) 220-4200  
Facsimile:  (713) 220-4285  
taddavidson@andrewskurth.com  
dzdunkewicz@andrewskurth.com  
josephbuoni@andrewskurth.com

*Proposed Counsel for the*  
*Debtor and Debtor in Possession*