IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-33645-H1-11 |
| | § | |
| ATINUM MIDCON I, LLC,[1] | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

### DECLARATION OF BRETT A. STEELE IN SUPPORT OF THE DEBTOR'S MOTION TO APPROVE THE SALE OF ITS ASSETS
**[This instrument relates to Docket Nos. 4 & 136]**

I, Brett A. Steele, hereby declare:[2]

1. My name is Brett Steele. I am more than twenty-one (21) years of age, I have personal knowledge of the facts set forth in this Declaration, and those facts are true and correct.

2. I am a Director[3] at Wells Fargo Bank, National Association ("Wells Fargo"). In that capacity, I am knowledgeable regarding Wells Fargo's actions with respect to the above-captioned bankruptcy case and in connection with that certain Credit Agreement (as amended, restated, modified or supplemented, the "Credit Agreement"), dated on or about August 29, 2012, with Atinum MidCon I, LLC (the "Debtor"), as Borrower, certain Lenders party thereto, as Lenders, and Wells Fargo, as Administrative Agent and Issuing Lender. This declaration is being submitted solely in Wells Fargo's capacity as Administrative Agent pursuant to the Credit Agreement.

3. The Purchase Agreement contemplates that, before the Closing Date, the Administrative Agent will designate an entity to receive the Purchased Assets and assume the

---

[1] EIN: xx-xxx7651

[2] All undefined capitalized terms in this Declaration shall have the meaning(s) ascribed to such terms in the *Notice of Debtor's Proposed Order Granting Motion to Sell Property and Form of Asset Purchase Agreement* [Docket No. 136] (the "Proposed Sale Order").

[3] For purposes of clarity, Director is a title, and I am not a member of Wells Fargo's board of directors.

DECLARATION OF BRETT A. STEELE IN SUPPORT OF SALE                                     PAGE 1 OF 3

Assumed Liabilities (the "Purchaser"), and such entity shall be the Purchaser for all purposes pursuant to the Sale Order.  The Purchaser will be an entity created prior to Closing.

4. I believe that the Purchase Agreement was negotiated and proposed by the Debtor, the Administrative Agent, the Lenders, and SandRidge,[4] and entered into by the Debtor, the Administrative Agent, and the Lenders, without collusion, in good faith, and from arms-length bargaining positions.

5. To the best of my knowledge, the Purchaser, the Administrative Agent, and the Lenders (collectively, the "Purchaser Parties") are not "insiders" or "affiliates" of the Debtor as those terms are defined in Sections 101(31) and 101(2) of the Bankruptcy Code, and the Purchaser Parties have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Section 363(n) of the Bankruptcy Code.  Additionally, to the best of my knowledge, none of the Purchaser Parties has acted in a collusive manner with any person in connection with the Sale, and the Purchase Price paid by the Purchaser for the Purchased Assets was not influenced or subject to any agreement between the Purchaser Parties and any other party.

6. The Purchaser will be purchasing the Purchased Assets and assuming and receiving an assignment of the Purchased Contracts in good faith.  I believe the Purchaser Parties proceeded in good faith in connection with all aspects of the Sale and the Debtor's Chapter 11 case, including, but not limited to: (i) complying in all respects with the Bid Procedures Order; (ii) agreeing to subject their bid to the competitive bidding procedures set forth in the Bid Procedures Order; (iii) neither inducing nor causing the Debtor's Chapter 11 filing; and, (iv) disclosing all payments to be made in connection with the Sale.

---

[4] "SandRidge" shall include and refer to SandRidge Energy, Inc. and SandRidge Exploration and Production, LLC.

**DECLARATION OF BRETT A. STEELE IN SUPPORT OF SALE**                                    **PAGE 2 OF 3**

7. The Administrative Agent would not enter into the Purchase Agreement and the Purchaser would not consummate the transactions contemplated thereby if the sale of the Purchased Assets to the Purchaser, and the assumption and assignment of the Purchased Contracts to the Purchaser, were not free and clear of all Claims and Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of such Claims and Interests (except, in each case, the Permitted Encumbrances, the Assumed Liabilities, and the SandRidge Netting Rights).

8. The Lenders intend to provide a revolving credit facility to the Purchaser at or before Closing, as well as other capitalization. I anticipate that the Purchaser will have adequate funds at Closing to consummate the Sale and satisfy its obligations under the Purchase Agreement and the Sale Order.

9. The Administrative Agent has executed or will execute the Purchase Agreement at the direction of the Majority Lenders (as defined in the Credit Agreement) solely in order to facilitate the transaction contemplated by the Purchase Agreement. I believe the Administrative Agent has acted on the advice of counsel and consistent with the Credit Agreement at all times in connection with the Purchase Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Dated: November 16, 2016.**

                                                                 */s/ Brett A. Steele*
                                                                     Brett A. Steele